UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>ROSEVILLE CITY SCHOOL DISTRICT, et al.,<br><br>        Defendants. | No. 2:23-cv-02256 DJC CKD (PS)<br><br><br>ORDER |

Plaintiff, proceeding pro se, commenced this action and paid the filing fee on October 5, 2023. (ECF Nos. 1 & 2.) Before the court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 7.) Plaintiff has opposed the motion, and defendants have filed a reply. (ECF Nos. 10 & 11.) On December 4, 2023, the court took the matter under submission without appearance and argument pursuant to Local Rule 230(g). (ECF No. 12.) For the reasons set forth below, the court will grant defendants' motion with leave to amend.

        I.     <u>The Complaint</u>

Plaintiff, suing on behalf of himself and his minor child (RB), brings this action against the Roseville City School District, its superintendent (Garcia) the principal of Cooley Middle School (Ramirez), and a teacher (Caubin) at the school. ECF No. 1, ¶¶ 3-8. At the time of filing, plaintiff and RB resided in Roseville. <u>Id.</u>, ¶ 1. Plaintiff claims that defendants violated his and RB's First Amendment rights under 42 U.S.C. § 1983. He also brings state claims under the

California Constitution and state statutes.  Id., ¶ 9.  The complaint seeks injunctive relief; however, plaintiff subsequently moved out of state and now seeks only declaratory relief, though he has not filed a new pleading to this effect.[1]  Id., ¶ 9; ECF Nos. 13 & 16.

The complaint asserts that defendants have denied plaintiff "a simple request: a meeting with a teacher to understand the grading of a child, 'RB,' who was given a perplexingly low grade for a 65% test score."  Id. at 5.  However, the gravamen of the complaint concerns plaintiff's alleged right to record such a meeting.  Plaintiff alleges that, on September 25, 2023, Ramirez informed him that he would not be permitted to record any meetings concerning RB that took place at Cooley Middle School.  Id., ¶ 10.  A lawyer for the school district subsequently sent plaintiff a letter stating in part:

> I am informed that you desire to record and/or videotape all of your interactions and meetings with the staff and administration at Cooley Middle School.  Staff and administration have informed you that they do not agree to have your interactions and meetings recorded or videotaped. . . . [Y]ou continue to assert your right to videotape and record your interactions and meetings.
>
> [As a result,] all further communications shall be in writing only with no personal meetings or telephone conversations.  Staff and administration will not meet with you in person or by telephone in order to avoid you unlawfully recording them without their consent.

Id. at ¶ 11 & 16 (Exhibit B).

In the complaint, plaintiff originally sought an injunction "prohibiting Defendants from enforcing the unlawful directive against recording" plaintiff's meeting with RB's teacher.  Id., ¶ 28.  It also sought declaratory relief declaring that "the actions of Defendants violated the federal at state rights of plaintiff and RB.  Id., ¶ 30.

II.     Legal Standards

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level."

---

[1] Plaintiff's March 12, 2024 filing states in part: "Given that RB is no longer enrolled at Cooley Middle School and no longer resides [in Roseville], [plaintiff revises his] request for relief to remove injunctive relief and replace it with declaratory relief in this matter."  ECF No. 13 at 2.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

III.   Analysis

Defendants seek to dismiss the complaint for failure to state a claim, asserting that "none of Plaintiff's claimed rights are being infringed." ECF No.7-1 at 6. They argue that the complaint "fails as a matter of law because it is based on the mistaken legal premise that Plaintiff has a right to record teachers and administrators without their consent. He does not." Id. at 10.

In opposition to the motion, plaintiff asserts "that it is my constitutional right to record meeting with school staff, not to infringe upon their privacy but to ensure transparency, accountability, and fairness in the educational system." ECF No. 10 at 1-2.

If RB had remained enrolled in the Roseville school district, the only issue pertaining to federal jurisdiction over this case would have been the constitutionality of defendants' conduct. However, in his March 12, 2024, filing, plaintiff stated that he now lives in Texas and is dropping

3

his request for injunctive relief.  Instead, he seeks

> declaratory relief to affirm the right to video record any public meetings concerning the school district and its employees that would have involved plaintiff's minor child.  Any meeting now would not be able to alter RB's academic records or grades, which have already been transferred to RB's new school.  This request aims to secure a formal declaration that would allow for transparency and accountability in the handling of grade dispute[s.]

ECF No. 13 at 2.  Based on this filing, the court changed plaintiff's address on the docket and mooted his prior motion for injunction.  ECF No. 15.

Because "[f]ederal courts lack jurisdiction to decide moot cases," the first question is whether plaintiff's request for declaratory relief has been rendered moot by his moving out of state, such that RB's schooling is no longer affected by defendants' actions.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983).  Mootness is a jurisdictional issue requiring the court to determine whether a case or controversy exists under Article III of the Constitution.  Maldonado v. Lynch, 786 F.3d 1155, 1160 (9th Cir. 2015).  A case must present a live controversy to resist dismissal for mootness.  Maldonado, 786 F.3d at 1160.  The Ninth Circuit has determined that "where . . . both injunctive and declaratory relief are sought but the request for injunctive relief is rendered moot, the case is not moot if declaratory relief would nevertheless provide meaningful relief."  Center for Biological Diversity v. Lohn, 511 F.3d 960, 964 (2007).

The second question is whether plaintiff states a claim under the First Amendment.  The First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest.  See, e.g., Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994) (finding that plaintiffs' interest in filming public meetings is protected by the First Amendment); Fordyce v. City of Seattle, 55 F.3d 436, 439 (9th Cir. 1995) (recognizing a "First Amendment right to film matters of public interest"); Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000) ("The First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest"); Glik v. Cunniffe, 655 F.3d 78, 83 (1st Cir. 2011) (holding that "the First Amendment protects the filming of government officials in public spaces.").

1         Here, however, plaintiff does not contend that RB's grade was a matter of public interest. Rather, he sought to record a parent-teacher meeting about RB's grades and was informed that the meeting could not be recorded or videotaped because the teacher did not consent to being recorded under Cal. Penal Code § 632. Id. at 12-13. Section 632 provides that a person who intentionally records a "confidential communication" without the consent of all parties to the communication is subject to criminal penalties. In the school context, state law has created an exception to Section 632, providing that a parent or guardian has a right to audio record "the proceedings of individualized education program team meetings" if the parent informs the IEP team of his or her intent to record at least 24 hours in advance. Cal. Educ. Code § 56341.1(g). However, this statutory language does not address one-on-one meetings between a teacher and a parent about a student's academic progress.

       On the facts alleged—essentially, plaintiff being barred from recording a parent-teacher meeting about his child's grades without the teacher's consent—plaintiff has not stated a First Amendment claim. Thus, the complaint is subject to dismissal under Rule 12(b)(6). However, plaintiff will be granted an opportunity to amend the complaint.

       If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

5

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 7) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 2, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / brown2256.mtd