UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BROWN,<br><br>             Plaintiff,<br><br>      v.<br><br>ROSEVILLE CITY SCHOOL DISTRICT, et al.,<br><br>             Defendants. | No.  2:23-cv-02256 DJC CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

In this civil rights action, plaintiff, proceeding pro se, claims that defendants violated his First Amendment rights pursuant to 42 U.S.C. § 1983.  Before the court is defendants' motion to dismiss the First Amended Complaint (ECF No. 18, "FAC") which is fully briefed.  ECF Nos. 19, 20 & 22.  On August 7, 2024, the undersigned held a hearing on the motion, with plaintiff appearing pro se and Ryan Ichinaga appearing for defendants.  ECF No. 23.  For the reasons explained below, the undersigned will recommend that the FAC be dismissed with prejudice.

      A.  The First Amended Complaint

Plaintiff commenced this action and paid the filing fee on October 5, 2023.  ECF No. 1.  The gravamen of the complaint was that plaintiff's First Amendment rights were violated when Roseville middle school employees would not allow him to record a parent-teacher meeting about a low grade his minor son, R.B., received on a quiz.  Id.  On May 2, 2024, the undersigned dismissed the complaint for failure to state a claim and granted leave to amend.  ECF No. 17.

1

The order noted that plaintiff and R.B. now lived in Texas, outside the Roseville school district, raising the issue of whether his claims were moot. Id. at 3-4.

Plaintiff filed the FAC on June 4, 2024. Like the original complaint, it alleges that, in September 2023, Roseville school employees told him he could not record a parent-teacher meeting about R.B. receiving a low grade on a test. FAC ¶¶ 14, 15. Plaintiff characterizes this as a "flagrant violation of federal civil rights under Title 42 U.S.C. § 1983" as well as a violation of state laws. Id., ¶ 15. The FAC asserts that "[t]his lawsuit is not only for RB but for all children forced to endure such travesties by a tyrannical educational system[.]" Id., ¶ 17. Plaintiff seeks the following relief: (1) "that the court mandate each defendant to enroll in . . . a college-level course on the U.S. Constitution"; (2) "the establishment of an educational trust fund for [R.B.] to support his future higher educational needs"; and (3) punitive damages. Id., ¶¶ 38, 40, 42.

B. Standing

Since filing the original complaint ten months ago, plaintiff and R.B. have moved from Roseville, California to New Caney, Texas, as reflected on the docket. Defendants first argue that the FAC is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, because the claimed injury is not redressable by court order.

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

As to the requirement of standing, "Article III, § 2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies.' We have always taken

1  this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the
2  judicial process." Steel Co v. Citizens for a Better Environment, 523 U.S. 83, 102 (1998)
3  (citation omitted).  "A plaintiff invoking federal jurisdiction bears the burden of establishing the
4  'irreducible constitutional minimum' of standing by demonstrating (1) an injury in fact, (2) fairly
5  traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable
6  judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330 (2016).  "The need to satisfy these three
7  requirements persists throughout the life of the lawsuit." Wittman v. Personhuballah, 578 U.S.
8  539, 543 (2016).  As to redressability, where "none of the relief sought . . . would likely remedy
9  [the] alleged injury in fact, [the court] must conclude that [plaintiff] lacks standing to maintain the
10 suit." Steel Co., 523 U.S. at 109-110.

11      The Supreme Court has "repeatedly refused to recognize a generalized grievance against
12 allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial
13 power." U.S. v. Hays, 515 U.S. 737, 743 (1995) (collecting cases).  "[A] plaintiff raising only a
14 generally available grievance about government—claiming only harm to his and every citizen's
15 interest in proper application of the Constitution and laws, and seeking relief that no more directly
16 and tangibly benefits him than it does the public at large—does not state an Article III case or
17 controversy." Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-574 (1992).

18      Here, the court order plaintiff seeks cannot redress the alleged injury of plaintiff's being
19 unable to record a meeting with a Roseville school employee, as plaintiff's son is no longer
20 enrolled in the Roseville schools and now lives in another state.  In fact, the FAC does not seek
21 the redress of this injury (e.g., an injunction permitting him to record meetings) but rather seeks
22 an order requiring defendants to take law classes, allegedly on behalf of "all children" impacted
23 by Roseville School District decisions.  This is a generalized grievance not redressable by this
24 court.  Nor can the court redress plaintiff's alleged First Amendment injury by ordering
25 defendants to contribute to a college fund for his son, a remedy wholly unrelated to the claim.
26 Thus, based on the FAC, plaintiff lacks standing to maintain this action.[1]

---

[1] Plaintiff also seeks punitive damages; however, California Gov. Code § 818 bars the award of punitive damages against a public entity. See Walsh v. Am. Med. Response, 2014 WL 2109946,

In his response to the motion to dismiss, plaintiff argues that the court has diversity jurisdiction over this action. ECF No. 20 at 5. To establish diversity jurisdiction, the party asserting jurisdiction has the burden of showing that there is complete diversity between the parties and that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The diversity statute is strictly construed, and any doubts are resolved against finding jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983); see Prasad v. Ocwen Loan Servicing, LLC, 2015 WL 4662785 at *4 (E.D. Cal. Aug. 5, 2015) (in diversity cases, the "liberal standard for jurisdictional pleading is not a license for conjecture."), citing Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000). Here, plaintiff does not explain how the amount-in-controversy requirement is met, and nothing in the FAC suggests it is. Moreover, there remains the problem that a generalized grievance does not create Article III standing. Because plaintiff lacks a redressable injury and thus standing to bring this federal action, the court must dismiss the FAC.

    C.  Futility of Amendment

Even if plaintiff were granted leave to amend and attempt to establish federal jurisdiction, the FAC does not cure the pleading deficiencies of the original complaint under Federal Rule of Civil Procedure 12(b)(6). As the court explained in its May 2, 2024 order, "[o]n the facts alleged—essentially, plaintiff being barred from recording a parent-teacher meeting about his child's grades without the teacher's consent—plaintiff has not stated a First Amendment claim." ECF No. 17. Most basically, plaintiff fails to demonstrate how the conduct of any defendant resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). As a result, there is no supplemental jurisdiction for plaintiff's state law claims.

Despite an opportunity to cure the deficiencies in his complaint, plaintiff has failed to do so. It appears that further amendment would be futile, since the facts alleged by plaintiff, twice, do not amount to a constitutional violation.

---

*13 (E.D. Cal. May 20, 2014), citing Comm. for Immigrant Rights of Sonoma Cnty. v. Cnty. of Sonoma, 644 F. Supp. 2d 1177, 1208 (N.D. Cal. 2009).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 19) be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 9, 2024

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / brown2256.mtd_f&rs